# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

DIGITAL SIN, INC.          )
21345 Lassen Street       )
Chatsworth, CA 91311     )
                          )
    Plaintiff,         )
                          )
    v.                )    No. 4:11-cv-586-RH-WCS
                          )    MEMORANDUM IN OPPOSITION
DOES 1 – 167            )    OF JOHN DOE 165's MOTION TO
                          )    QUASH SUBPOENA
    Defendants.          )

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF JOHN DOE 165's MOTION TO QUASH SUBPOENA**

Plaintiff Digital Sin, Inc. has filed a Complaint against John Does who are Florida residents who have traded the identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). All John Does listed in the Complaint have traded the exact same file, as identified by the hash mark of the file.

On January 19, 2012, John Doe Number 165 filed a Motion to Quash Subpoena. Doe Number 165 argues that (1) there is misjoinder of the John Does because they downloaded the file during separate times, and on separate dates, and thus cannot permissibly be joined in the instant case; and (2) that there is a lack of personal jurisdiction, and (3) lack of proper venue.

John Doe 165 also moves to quash a non-party subpoena and requests a protective order.

John Doe Number 165's Motion should be denied.

## I. **John Doe Lacks Standing to Challenge the Subpoena**

A party to a lawsuit lacks standing to object to a subpoena served on a non-party, unless the party objects to the subpoena on the grounds of privilege, proprietary interest or privacy interest in the subpoenaed matter. *See Fed.R.Civ.P. 45*(c)(3)(B). See also *Robertson v. Cartinhour*; 2010 U.S. District LEXIS 16058 (D. Md. 2010) (Day, MJ) (*unreported*). Internet subscribers do not have a proprietary interest or an expectation of privacy in their subscriber information because they have already conveyed such information to their Internet Service Providers (ISPs). *See Guest v. Leis,* 255 F. 3d 325 (6th Cir. 2001); *United States v. Simons,* 206 F.3d 392 (4th Cir., 2000). The only information sought through the Subpoena at issue are the Doe defendants' names, addresses, e-mail addresses and Media Access Control (MAC) numbers. This information has already been shared by the Doe Defendants with their respective ISPs.

Further, the Doe defendants exposed their IP addresses to the public by sharing the Motion Picture at issue. The torrent software exposes the IP address of the infringer, as explained in the Complaint and the *Declaration of Jon Nicolini*.

**II. The John Does are properly joined even though they downloaded the file over different dates and times because they traded the exact same file.**

Doe Number 165 argues that joinder of the John Does is improper because the John Does acted over a certain time period, and because they occurred at separate times. Doe Number 165 apparently did not review carefully the Complaint and the attached *Technology Declaration of Jon Nicolini*: (i) the nature of torrent technology requires a sometimes long period of time to trade the file, and even after the download is completed for the John Doe at issue, they may continue to distribute the file.  *See Nicolini Declaration, Paragraph 6*. Joinder in this case is based upon the fact that the John Does at issue traded the same identical file, as identified by the

hash mark, during a specified time, in the same geographic region. *See Nicolini Declaration, Paragraphs 6, 18, 22; Complaint Paragraphs 2, 4, 8.*

The cases that Doe Number 165 cites are entirely inapposite to the instant action:

The plaintiffs in each of those cases failed to contend that the Doe defendants acted in concert with each other.  Here, all the Doe defendants are related to each other, in particular because they each traded the same identical file of the motion picture, as identified by the hash mark. The following allegation is in paragraph 16 of the Complaint:

16.     Each Defendant has acted in cooperation with the other Defendants by agreeing to provide, and actually providing, on a P2P network an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works. Further in this regard, all the Defendants have engaged in a related series of transactions to engage in unlawful reproduction and distribution of Plaintiff's copyrighted Motion Picture.

This allegation is supported by the testimony in the *Nicolini Declaration*. As explained by Mr. Nicolini, the accused Doe Defendants act, and must act, cooperatively to distribute unlawful copies of the copyrighted work, and "all the Doe defendants listed in **Exhibit A** joined the same swarm." Nicolini Declaration, paras. 7 & 22.

Courts have pointed to the large number of cases supporting joinder. *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case involving over 1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011 WL 1807452, at *4-*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*, Civ. No. 11-57(CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011) (same).

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. *Fed. R. Civ. P. 20(a)(2).*

Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The Court may sever improperly joined parties at any time. However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Applying the two requirements for permissive joinder under Federal Rule 20(a)(2) to the present case, at this procedural juncture, joinder of the Doe Defendants is proper:

First, permissive joinder expects that the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff alleges that each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally uploaded and downloaded Plaintiff's copyrighted movie. *See Complaint* paras. 4, 5, 7, 8. Each Doe Defendants traded the exact same file, as identified by the cryptographic "Hash Mark" which serves as a digital finger print. *Complaint* para. 8, *Nicolini Declaration* para. 8. Plaintiff alleges that each Defendant directly interacted and communicated with other members of that swarm. *Complaint* paras. 7, 8; *Nicolini Declaration* paras. 7, 22. Plaintiff further alleges that once a Defendant has downloaded the full copyrighted work, the Defendant becomes known as an "additional seed" and continues to distribute the torrent file containing the copyrighted work. *Complaint* paras. 7, 8; *Nicolini Declaration* paras. 6, 7. Finally, Plaintiff alleges (and provides support for its allegation) that it has only sued Defendants in the exact same swarm, *i.e.*,

4

Defendants who participated in downloading or transmitting the same unique version of Plaintiff's movie. *Complaint* para. 8, *Nicolini Declaration* paras. 18, 22. Plaintiff explains that such identification is possible through the use of forensic software that identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash Mark" which serves as a digital finger print. *Complaint* para. 8, *Nicolini Declaration* para. 8.

Therefore, Plaintiff has sufficiently alleged that the Doe Defendants used the same file-sharing device at around the same time to trade the exact identical file of Plaintiff's Motion Picture.

Furthermore, Plaintiff has alleged not only that each Doe played a role in the collaborative effort of distributing Plaintiff's movie, but that each of the Doe Defendants may have directly facilitated the download of Plaintiff's Motion Picture by another of the Doe Defendants. *Complaint* para. 8, 16; *Nicolini Declaration* para. 7. *See Call of the Wild Movie*, 770 F. Supp. 2d 332, 343 (D.D.C. 2011) (finding joinder proper where "[e]ach putative defendant is a possible source for the plaintiffs' motion pictures, and may be responsible for distributing the motion pictures to other putative defendants"). Again, each John Doe traded the same file, as identified by the hash value.

Second, for permissive joinder, Federal Rule 20(a)(2)(B), requires that Plaintiff's claims against Defendants contain common questions of law or fact. Plaintiff meets this requirement in the present case because it asserts identical claims against the Doe Defendants. Even though the Doe Defendants may possibly present different factual issues at a later stage in the litigation, the commonality of legal claims at this time supports joinder. The factual issues are not expected to be very different. Copyright infringement is determined without regard to the intent or the state of mind of the infringer; "innocent" infringement is infringement nonetheless. The innocence or

willfulness of the infringing activity may be relevant with regard to the award of statutory

damages. *See* 17 U.S.C. § 504(c).

The interests of judicial efficiency weigh in favor of joining these claims, and doing so

may also be beneficial for the Doe Defendants. *See London-Sire Records, Inc. v. Doe 1*, 542 F.

Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of similar cases "ensures

administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to

see the defenses, if any, that other John Does have raised.").  Joinder serves the Plaintiff's

interests by providing it with an effective tool to protect its motion picture from

copyright infringement.

In a "swarm" copyright infringement case decided by Judge Howell, *Voltage Pictures,*

*LLC v. Does 1-5000*, 2011 U.S. Dist. LEXIS 50787 (D.D.C. May 12, 2011), the court

distinguishes the cases that ordered severance, and notes that BitTorrent file sharing uses a

"swarm" of infringers. In that case, the court denied motions to quash by several defendants.

Judge Howell explained, at 2011 U.S. Dist. LEXIS 50787, at [*35]-[*39], as follows

(emphasis added):

Some courts in other jurisdictions have granted motions by putative defendants for severance in
analogous copyright infringement cases against unknown users of peer-to-peer file-sharing
programs for failure to meet the 'same transaction or occurrence test' in Rule 20(a)(2). Those
courts have been confronted with bare allegations that putative defendants used the same peer-to-
peer network to infringe copyrighted works and found those allegations were insufficient for
joinder. See, e.g., IO Grp., Inc. v. Does 1-19, No. 10-03851, 2010 WL 5071605, at *8-12 (N.D.
Cal. Dec. 7, 2010); Arista Records, LLC v. Does 1-11, No. 07-cv-2828, 2008 WL 4823160, at *6
(N.D. Ohio Nov. 3, 2008) ('merely alleging that the Doe Defendants all used the same ISP and
file-sharing network to conduct copyright infringement without asserting that they acted in
concert was not enough to satisfy the same series of transactions requirement under the Federal
Rules.'); LaFace Records, LLC v. Does 1-38, No. 5:07-cv-298, 2008 WL 544992, at *3 (E.D.
N.C. Feb. 27, 2008) (severing putative defendants in file-sharing case not involving BitTorrent
technology, noting that 'other courts have commonly held that where there is no assertion that
multiple defendants have acted in concert, joinder is improper.'); Interscope Records v. Does 1-
25, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (adopting Mag. J.
Report and Recommendation at Interscope Records v. Does 1-25, No. 6:04-cv-197, 2004 U.S.

Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)). That is not the case here.

The plaintiff has provided detailed allegations about how the BitTorrent technology differs from other peer-to-peer file-sharing programs and necessarily engages many users simultaneously or sequentially to operate. See Columbia Pictures Indus. v. Fung, No. 06-5578, 2009 U.S. Dist. LEXIS 122661, at *7 (C.D. Cal. Dec. 21, 2009) (*BitTorrent 'is unique from that of previous [P2P] systems such as Napster and Grokster. Rather than downloading a file from an individual user, [BitTorrent users download] from a number of host computers that possess the file simultaneously. . . . The BitTorrent client application simultaneously downloads the pieces of the content file from as many users as are available at the time of the request, and then reassembles the content file on the requesting computer when the download is complete. Once a user downloads a given content file, he also becomes a source for future requests and downloads.')*. Specifically, BitTorrent creates a 'swarm' in which 'each additional user becomes a part of the network from where the file can be downloaded . . . [U]nlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole.' Second Am. Compl., ¶ 3.

At least one court has not been persuaded that allegations of copyright infringement by users of BitTorrent satisfy the requirement of Rule 20. See, e.g., Lightspeed v. Does 1-1000, No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the 'same transaction, occurrence, or series of transactions or occurrence' under FED. R. CIV. P. 20(a)(2)(A)); Millennium TGA Inc. v. Does 1-800, No. 10-cv-5603, 2011 U.S. Dist. LEXIS 35406, at *3-5 (N.D. Ill. Mar. 31, 2011) (same). In those cases, the court did not discuss the precise nature of the BitTorrent technology, which enables users to contribute to each other's infringing activity of the same work as part of a 'swarm.' In any event, by contrast to the instant claim of infringement of a single copyrighted work by the putative defendants, the plaintiffs in Lightspeed and Millennium TGA Inc. alleged infringement of multiple works, a factor that may undermine the requisite showing of concerted activity to support joinder.

   Here, as in *Voltage Pictures*, Plaintiff alleges that the Doe Defendants have acted in

cooperation with each other, and Plaintiff's expert, Nicolini, so explained. See *Declaration of Jon*

*Nicolini*, paras. 6 and 22.

   Thus, joinder is proper in this case, particularly at this early stage of litigation.

**III. This case should not be dismissed "under Rule 12(b)(3), Fed.R.Civ.P., for Improper**

**Venue and Lack of Personal Jurisdiction."**

Next, Doe Number 165 claims that venue is improper and the matter should be dismissed based upon lack of personal jurisdiction.

Doe Number 165's arguments are premature. Doe Number 165 has not been named yet. Improper venue is an affirmative defense that must be raised either by answer or by a Rule 12(b) motion. See F.R.Civ.P. 12(h)(1). This takes place after the John Doe has in fact been named. See explanations below based on order in W*est Coast Productions, Inc., v. Does 1 – 5,829*, Case 1:11-cv-00057-CKK (D.C. District Court 2011), Memorandum Opinion of June 10, 2011, Document 125.


### *Plaintiff made the necessary allegations for venue in the Complaint*

First, Plaintiff has properly alleged, based on its investigation, that venue is proper over the John Does. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.   Here, Plaintiff alleged in Paragraphs 2 and 3 of the Complaint that "Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). …. [O]n information and belief, each Defendant may be found in this District and/or a substantial part of the alleged events occurred and/or have a significant effect within this District. … In addition, each Defendant contracted with an Internet Service Provider (ISP) found in this District to provide each Defendant with access to the Internet. Therefore, venue in this Court is proper in accordance with 28 U.S.C. §§ 1391(b) and 1400(a)."


### *Venue argument is premature*

Second, Doe Number 165's arguments are premature. Plaintiff's response that follows is taken largely from the Court's reasoning in W*est Coast Productions, Inc., v. Does 1 – 5,829*, Case 1:11-cv-00057-CKK (D.C. District Court 2011), Memorandum Opinion of June 10, 2011, Document 125.

The Federal Rules of Civil Procedure require that persons filing papers in this Court identify themselves in their papers. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.") "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (internal quotation marks and citation omitted). The public has a common law right of access to judicial records, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and allowing a party to litigate anonymously undermines that public right.

Venue is a threshold defense that is waived unless a defendant raises it in an answer or pre-answer motion. *Fed. R. Civ. P. 12(b), (h)(1)*. Accordingly, the plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). Once a defendant raises the defense of lack of personal jurisdiction, "the general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To meet this burden, the plaintiff will normally be afforded the opportunity to engage in discovery relating to jurisdictional facts. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("[I]f a party demonstrates that it

9

can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "Therefore, before the complaint has been served and a response received, the court is not positioned to determine conclusively whether personal jurisdiction exists." *Anger v. Revco Drug Co.*, 791 F.2d 956, 958 (D.C. Cir. 1986) (per curiam).

Plaintiff has yet to formally identify any of the John Doe Defendants named in the Complaint or serve them with process. Although movants in these cases generally assume that they will be named as defendants once their contact information is turned over to Plaintiff by the internet service provider, the Court cannot automatically draw that conclusion. Until Plaintiff formally names and serves each defendant, the Court cannot be certain whether any of the movants will be compelled to defend this action as parties. Therefore, it is premature to evaluate their affirmative defenses.

Furthermore, even assuming that a John Doe will ultimately be named as a defendant, he will have the opportunity to assert any affirmative and other defenses once he is served with process, either in an answer or in a pre-answer motions to dismiss. Until that time, such defenses are premature. Other courts have reached a similar conclusion based on the unavailability of jurisdictional discovery to the plaintiff. *See, e.g.*, *Call of the Wild Movie*, 2011 WL 996786 at *8-10* ("*[A]t this juncture when no putative defendant has been named, the Court has limited information to assess whether any putative defendant has a viable defense of lack of personal jurisdiction or to evaluate possible alternate bases to establish jurisdiction*"); *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp. 2d 153, 180-81 (D. Mass. 2008) (*denying motion to quash for lack of personal jurisdiction filed by Jane Doe defendant because jurisdictional discovery might establish a basis for jurisdiction*); *Sony Music Entm't*, 326 F. Supp. 2d at 567-68

(*concluding that it would be premature to determine that personal jurisdiction is lacking before the defendant had been identified*).

Therefore, the Court should deny Doe Number 165's motion to dismiss based on venue.

## III. Motion to Quash/Protective Order: The subpoena does not "infringe[] Defendant's right to privacy and to anonymity".

There is no privacy interest in the contact information sought by the subpoena.

As is relevant here, Rule 45(c)(3)(iii) provides that a court may quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii). Pursuant to Rule 45(d)(2), when subpoenaed information is withheld based on a claim of privilege, the claim of privilege must "describe the nature of the withheld [information] in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Fed.R.Civ.P. 45(d)(2).*

The burden of persuasion on a motion for protective order or to quash is borne by the movant. *See Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F.Supp.2d 1, 16-17 (D.D.C. 2010) (motion for protective order); *Linder v. Dep't of Defense*, 133 F.3d 17, 24 (D.C.Cir. 1998) (motion to quash).

Doe Number 165 fails to provide any explanation why the information sought is subject to a privacy interest or privileged. Courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their ISPs. *See, e.g., Guest v. Leis*, 255 F.3d 325, 335-36 (6th Cir.2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they

reveal it to third parties."); *U.S. v. Hambrick*, Civ. No. 99-4793, 2000 WL 1062039, at *4 (4th Cir. Aug. 3, 2000) (a person does not have a privacy interest in the account information given to the ISP in order to establish an email account); *U.S. v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan.2000) (defendant's Fourth Amendment rights were not violated when an ISP turned over his subscriber information, as there is no expectation of privacy in information provided to third parties).

Whatever right to anonymity the Doe defendant may have in this context does not shield from allegations of copyright infringement. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C. 2010) (same); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

## IV. <u>Conclusion</u>

Based on the above-stated reasons, Plaintiff respectfully requests this Court to deny the Motion to Dismiss Complaint/Quash Subpoena submitted by John Doe Number 165.

A proposed order is attached.

Respectfully submitted this 3rd day of February, 2012.

FOR THE PLAINTIFF:


By:   /s/ Terik Hashmi
Terik Hashmi (OH Supreme Court ID  #0064329)
FL/ND Admitted
Transnational Law Group, LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL 33139
Phone: (888) 731-8955
Fax: (305) 721-1685
Email:
terik.hashmi.esq@transnationallawgroup.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 3 February 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

By: _____/s/ Terik Hashmi_____
Terik Hashmi (OH Supreme Court ID #0064329)
FL/ND Admitted
Transnational Law Group, LLC
429 Lenox Avenue, Suite 5C13
Miami Beach, FL 33139
Phone: (888) 731-8955
Fax: (305) 721-1685
Email:
terik.hashmi.esq@transnationallawgroup.com
ATTORNEY FOR PLAINTIFF