IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIGITAL SIN, INC., a
foreign corporation,

                                                  CASE NO.  4:11-cv-00586

       Plaintiff,
v.

JOHN DOES 1-167,

       Defendants.
_____/

## NOTICE REGARDING UNAUTHORIZED PRACTICE OF LAW AND/OR MOTION TO STRIKE PLEADINGS AND DISMISS SUIT

The undersigned counsel, as officers of the Court and as counsel to John Doe 40 in this suit, file this notice to bring to the Court's attention certain facts regarding Plaintiff's counsel that impact these proceedings and asks that the Court provide whatever relief that the Court finds appropriate given the circumstances.  Specifically, the undersigned firm has become aware that Plaintiff's counsel in this suit, Terik Hashmi, is not licensed to practice law in the State of Florida, and is in fact subject to, and in violation of, a "Cease and Desist Affidavit" (the "Affidavit"), attached hereto as **Exhibit A**.[1]

Opposing counsel has represented that he is admitted to file documents in the Northern District of Florida, and indeed the rules governing this District allow filers to obtain CM/ECF passwords in order to make filings within the district.  However, membership in the Florida Bar remains mandatory for any attorney who actually practices in this State on an ongoing basis.  *See*

---

[1] While the spelling of Mr. Hashmi's first name has apparently changed since the execution of the Affidavit, a comparison Mr. Hashmi's signature included on the Affidavit and that included on the subpoenas issued in this suit incontrovertibly shows that Mr. Hashmi is indeed the same individual that executed the Affidavit.  *See* an example of the subpoenas, attached as **Exhibit B** hereto.

Rule 10-2.1(a) of the Rules Regulating the Florida Bar; Rule 4-5.5(a) and (b) of the Rules Regulating the Florida Bar; *The Florida Bar v. Catarcio,* 709 So. 2d 96, 99-101 (Fla. 1998); *Morrison v. West,* 30 So. 3d 561, 565-566 (Fla. 4th DCA 2010); *The Florida Bar v. We the People Forms and Service Center of Sarasota, Inc.,* 880 So. 2d 1280, 1283-1284 (Fla. 2004); *see also* Fla. Stat. § 454.23 (making it a Third Degree Felony to practice law without a license in Florida). Opposing counsel has located his only listed office within this State (in Miami Beach) and, upon information and belief, has carried out all activities related to this suit – including all of the filings in this case and contacting and demanding settlement from certain potential defendants – from offices within this State. The undersigned has conducted internet research regarding Mr. Hashmi and has not been able to locate any other locations from which Mr. Hashmi claims to practice law.

Further, an investigator with the Florida Bar has informed the undersigned firm that opposing counsel executed the Affidavit, in which opposing counsel specifically swore not to practice law within the State of Florida. The Florida Bar investigator represented to the undersigned that opposing counsel is still subject to the terms of this affidavit and is apparently in violation of those terms. The undersigned counsel checked the Florida Bar's attorney listing, and Mr. Hashmi is not listed as a member. Additionally, the Florida Bar investigator informed the undersigned that opposing counsel is now under an additional Florida Bar inquiry related to his activities within Florida.

Pursuant to the terms of the Affidavit, dated August 5, 2010, Mr. Hashmi swore not to: (1) provide any legal advice in Florida (other than in limited immigration matters); (2) hold himself out as being an attorney and/or able to render legal advice or services; (3) render legal advice or legal services or otherwise engage in the practice of law; (4) represent to the public that "he or any person he either employs or who act in concert with him are capable of advising and

2

handling matters requiring legal skills" (emphasis added); (5) advertise in any manner in Florida that legal services can be provided; or (6) collect fees for legal services. Exh. A at ¶3-4.  Upon information and belief, through the prosecution of this suit and numerous others like it, Mr. Hashmi is violating multiple provisions of the Affidavit.  Indeed, Mr. Hashmi, in addition to executing all of the filings for his client related to this suit, executed the verification in the Complaint swearing that he personally conducted the legal investigations surrounding these allegations.

The undersigned weighed heavily the burden of disclosing the allegations contained herein and determined to file this notice only after consultation with the Florida Bar's Attorney Ethics Hotline, the investigator for the Florida Bar, and other members of the Bar in good standing.  After receiving all of the information included above, the undersigned, as officers of the court, determined that this issue must be brought to the Court's attention so that the Court can fashion the remedy that it deems just and proper. *See Chambers v. NASCO, Inc.,* 111 S.Ct. 2123, 2132 (1991); *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001); *Scelta v. Delicatessen Support Services, Inc.*, 146 F. Supp.2d 1255, 1271 (M.D. Fla. 2001).

WHEREFORE, the undersigned firm requests that this Court take whatever actions it deems appropriate under the circumstances, including, but not limited to striking the Plaintiffs' pleadings and dismissing this suit.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.: 0016244
danny@lslawpl.com
Kubs Lalchandani
Florida Bar No.: 0063966

3

        kubs@lslawpl.com
        990 Biscayne Blvd., Office 503
        Miami, Florida 33132
        Tel:    (305) 999-5291
        Fax:   (305) 671-9282
        *Attorneys for John Does 40*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of February 13, 2012.

        By: /s/ Daniel J. Simon
             Danny Simon, Esq.