IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA


THIRD DEGREE FILMS, INC.,

    Plaintiff,

v.

DOES 1-259,

    Defendants.

_____/

CONSOLIDATED
CASE NO. 4:11cv570-RH/WCS

THIRD DEGREE FILMS, INC.,

    Plaintiff,

v.

DOES 1-375,

    Defendants.

_____/

CASE NO. 4:11cv572-RH/WCS

DIGITAL SIN, INC.,

    Plaintiff,

v.

DOES 1-208,

    Defendants.

CASE NO. 4:11cv583-RH/WCS

_____/

DIGITAL SIN, INC.,

      Plaintiff,

v.                                              CASE NO.  4:11cv584-RH/WCS

DOES 1-145,

      Defendants.

_____/

DIGITAL SIN, INC.,

      Plaintiff,

v.                                              CASE NO.  4:11cv586-RH/WCS

DOES 1-167,

      Defendants.

_____/


NEXT PHASE DISTRIBUTION, INC.,

      Plaintiff,

v.                                              CASE NO.  4:12cv6-RH/WCS

DOES 1-126,

      Defendants.

_____/

PATRICK COLLINS, INC.,

    Plaintiff,

v.                                         CASE NO. 4:12cv7-RH/WCS

DOES 1-85,

    Defendants.

_____/

ZERO TOLERANCE ENTERTAINMENT, INC.,

    Plaintiff,

v.                                         CASE NO. 4:12cv8-RH/WCS

DOES 1-52,

    Defendants.

_____/

MEDIA PRODUCTS, INC.,

    Plaintiff,

v.                                         CASE NO. 4:12cv24-RH/WCS

DOES 1-34,

    Defendants.

_____/

Consolidated Case No. 4:11cv570-RH/WCS

SBO PICTURES, INC.,

        Plaintiff,

v.                                                    CASE NO.  4:12cv25/RH/WCS

DOES 1-92,

        Defendants.

_____/

SBO PICTURES, INC.,

        Plaintiff,

v.                                                    CASE NO.  4:12cv26-RH/WCS

DOES 1-97,

        Defendants.

_____/

METRO INTERACTIVE, LLC,

        Plaintiff,

v.                                                    CASE NO.  4:12cv43-RH/WCS

DOES 1-56,

        Defendants.

_____/

Consolidated Case No. 4:11cv570-RH/WCS

EVASIVE ANGLES ENTERTAINMENT,

      Plaintiff,

v.                                  CASE NO.  1:11cv241-RH/GRJ

DOES 1-97,

      Defendants.

_____/

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                  CASE NO.  1:11cv243-RH/GRJ

DOES 1-87,

      Defendants.

_____/


ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                  CASE NO.:  1:11cv245-RH/GRJ

DOES 1-115,

      Defendants.

_____/

Consolidated Case No. 4:11cv570-RH/WCS

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                            CASE NO. 1:11cv246-RH/GRJ

DOES 1-85,

      Defendants.

_____/

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                            CASE NO. 1:11cv247-RH/GRJ

DOES 1-77,

      Defendants.

_____/

MEDIA PRODUCTS, INC.,

      Plaintiff,

v.                                            CASE NO. 1:11cv248-RH/GRJ

DOES 1-175,

      Defendants.

_____/

Consolidated Case No. 4:11cv570-RH/WCS

DIGITAL SIN, INC.,

      Plaintiff,

v.                                                                              CASE NO.  1:11cv280-RH/GRJ

DOES 1-150,

      Defendants.

_____/

DIGITAL SIN, INC.,

      Plaintiff,

v.                                                                              CASE NO.  1:11cv281-RH/GRJ

DOES 1-131,

      Defendants.

_____/

EXQUISITE MULTIMEDIA, INC.,

      Plaintiff,

v.                                                                              CASE NO.  1:12cv2-RH/GRJ

DOES 1-178,

      Defendants.

_____/

MEDIA PRODUCTS, INC.,

    Plaintiff,

v.                                               CASE NO.  1:12cv3-RH/GRJ

DOES 1-43,

    Defendants.

_____/

NEXT PHASE DISTRIBUTION, INC.,

    Plaintiff,

v.                                               CASE NO.  1:12cv4-RH/GRJ

DOES 1-93,

    Defendants.

_____/

PATRICK COLLINS, INC.,

    Plaintiff,

v.                                               CASE NO.  1:12cv18-RH/GRJ

DOES 1-159,

    Defendants.

_____/

Consolidated Case No. 4:11cv570-RH/WCS

THIRD DEGREE FILMS, INC.,

       Plaintiff,

v.                                        CASE NO.  1:12cv19-RH/GRJ

DOES 1-195,

       Defendants.

_____/

MEDIA PRODUCTS, INC.,

       Plaintiff,

v.                                        CASE NO.  1:12cv20-RH/GRJ

DOES 1-168,

       Defendants.

_____/

SBO PICTURES, INC.,

       Plaintiff,

v.                                        CASE NO.  1:12cv21-RH/GRJ

DOES 1-98,

       Defendants.

_____/

# ORDER FOR DISMISSAL

The complaints in these cases assert that a large number of unknown defendants have infringed the plaintiffs' copyrights by sharing digital files. The cases have been consolidated for pretrial purposes.

The plaintiffs filed the cases through the attorney Terik Hashmi, also known as Teryk Hashmi. As it turns out, Mr. Hashmi lives in Florida but is not a member of the Florida Bar. To the contrary, prior to filing these cases, Mr. Hashmi executed a cease-and-desist affidavit making clear that he has no authority to represent clients in Florida except in immigration matters. ECF No. 27-1. Mr. Hashmi's filing of these cases was a clear violation of the undertakings set out in the affidavit.

By order entered February 16, 2012, ECF No. 27, Mr. Hashmi was directed to show cause by March 9, 2012, "why these cases should not be dismissed on the ground that he has no authority to practice law in Florida or in this court." In response, the plaintiffs moved to substitute attorneys, removing Mr. Hashmi and replacing him with Mike Meier, an out-of-state attorney who obtained admission to this court's bar. ECF No. 33. The response did not deny that Mr. Hashmi had filed these cases in violation of the cease-and-desist affidavit.

By order entered February 28, 2012, ECF No. 36, Mr. Meier was substituted for Mr. Hashmi, but the requirement for the plaintiffs to show cause why the cases should not be dismissed was reiterated. The plaintiffs filed a response asserting that under Florida state law an attorney's lack of authority to practice in the state is not a basis for dismissing a lawsuit. ECF No. 39.

The response fails for three reasons.

First, the issue of whether a federal lawsuit should be dismissed based on the plaintiff's attorney's lack of authority to file the case is an issue of federal law, not state law. *See*, *e.g.*, *In re Finkelstein*, 901 F.2d 1560, 1564 (11th Cir. 1990) ("Because lawyers are officers of the court which granted admission, such courts are necessarily vested with the authority, within certain limits, to impose reasonable sanctions for lawyer misconduct."). Whether a Florida state court would dismiss a lawsuit under these circumstances is not the issue.

Second, this is no ordinary case of lack of authority. Mr. Hashmi asserts he thought he could file these cases in this federal court based on this court's local rules, but he has suggested no plausible reading of the cease-and-desist affidavit supporting that assertion. In the affidavit Mr. Hashmi swore that he understood that holding himself out as authorized to practice law in Florida would constitute contempt of the Florida Supreme Court and a third-degree felony. He swore that he understood he could not forward letters to third parties appearing to be from an

attorney.  He swore that he understood he could not provide legal advice or otherwise practice law in Florida, except on immigration matters.   He swore that he understood that it would constitute the unlicensed practice of law to hold himself out as an attorney or as able to render legal advice or services; to offer legal services to others; or to collect fees for legal services.  The assertion that Mr. Hashmi thought he could properly undertake to represent these plaintiffs in these cases—cases arising in Florida and having nothing to do with immigration—is plainly unfounded.

Third, the response to the order to show cause asserts—but is unsupported by any evidence indicating—that the plaintiffs themselves were unaware of the violation.  More significantly, the response does not even assert—let alone provide record support for an assertion—that the plaintiffs have not received and retained settlement proceeds through Mr. Hashmi's representation.  For all the *evidence* in this record shows, these plaintiffs initiated these cases through an unauthorized attorney and have willfully retained benefits from doing so.

To be sure, just as the record does not *refute* the plaintiffs' complicity, it also does not *establish* their complicity.  But the plaintiffs were given an opportunity to show cause why the cases should not be dismissed, and they are the ones who know whether they were or were not aware of Mr. Hashmi's status.  They are the ones who know whether they have demanded settlements through Mr. Hashmi and

retained the proceeds. If the plaintiffs indeed filed these cases in good faith and without knowledge of Mr. Hashmi's status, it would have been an easy matter to file a declaration saying so. The plaintiffs did not do that. Nor have they denied demanding and receiving settlement proceeds through Mr. Hashmi, or offered to give them back.

Under these circumstances, requiring the plaintiffs to start over and do it right is not too harsh a sanction.

For these reasons,

IT IS ORDERED:

The clerk must file this order in each of these cases and must enter a judgment separately in each case stating, "The plaintiff's claims are dismissed without prejudice." The clerk must close each file.

SO ORDERED on April 2, 2012.

                                        s/Robert L. Hinkle
                                        United States District Judge